| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF HORRY | ) | 2016 CP 26 7869 |
| | ) | |
| Jan Benton, as Personal Representative of the Estate of William Herman Owens, | ) ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| vs. | ) | 2016-CP-26- |
| | ) | |
| Midland National Life Insurance Company, | ) | |
| Defendant(s) | ) | |

| Submitted By: Gene M. Connell, Jr. | SC Bar #: | 1358 |
|---|---|---|
| Address:   Kelaher, Connell & Connor, P.C. | Telephone #: | 843-238-5648 |
| Post Office Drawer 14547 | Fax #: | 843-238-5050 |
| Surfside Beach, South Carolina 29587-4547 | Other: | |
| | E-mail: | gconnell@classactlaw.net |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.  ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☒ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20____-NI-____-____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| ☐ Employment Discrim (170) | ☐ Other (299) | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment (180) | | ☐ Slander/Libel (380) | ☐ Other (499) |
| ☐ Other (199) | | ☐ Other (399) | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

Summons and complaint of within entitled cause received at this office and service accepted in accordance with law this 22nd day of Nov 2016

**Submitting Party Signature** _[signature]_                    **Date:** November 2, 2016

Raymond W. Farmer
Director of Insurance
and Attorney to Accept Service
Columbia, SC

COPY

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**     **You must comply with the Supreme Court Rules regarding ADR.**
                     **Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | C/A NO. 2016-CP-26- 7268 |

Jan Benton, as Personal Representative of )
the Estate of William Herman Owens, )
                                                    )
                                    Plaintiff, )
                                                    )                              SUMMONS
                        vs.                      )
                                                    )
Midland National Life Insurance Company, )
                                                    )
                                    Defendant. )
_____ )

TO:      THE DEFENDANT ABOVE NAMED:

         YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said Complaint on the subscriber or subscribers at his or their office at Suite 209, The Courtyard, 1500 U.S. Highway 17 North, Post Office Drawer 14547, Surfside Beach, South Carolina 29587 within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid; the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

                                                  KELAHER, CONNELL & CONNOR, P.C.

                                                  _____
                                                  Gene M. Connell, Jr. (S.C. Bar No. 1358)
                                                  The Courtyard, Suite 209
                                                  1500 U.S. Highway 17 North
                                                  Post Office Drawer 14547
                                                  Surfside Beach, South Carolina 29587-4547
                                                  (843) 238-5648 (phone)
                                                  (843) 238-5050 (facsimile)
                                                  gconnell@classactlaw.net

November 2, 2016                             **Attorney for Plaintiff**
Surfside Beach, South Carolina

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY ) C/A NO. 2016-CP-26- 7268

Jan Benton, as Personal Representative of )
the Estate of William Herman Owens, )
)
                                Plaintiff, )
) COMPLAINT
                vs. ) (Breach of Contract; Breach of Contract
) with Fraudulent Intent; Bad Faith;
Midland National Life Insurance Company, ) Negligence)
) JURY TRIAL DEMANDED
                               Defendant. )
)

The Plaintiff, complaining of the Defendant, would respectfully allege unto this Court as follows:

1. The Plaintiff is a citizen and resident of Horry County, South Carolina.

2. The Defendant is an insurance company doing business in South Carolina.

3. That Defendant had a policy of insurance on the life of William Herman Owens who died on or about June 22, 2016 in Horry County, South Carolina.

4. That the policy of insurance with Defendant was Contract No. 1502840941 with Claim No. 76177.

5. That the policy of insurance was in full force and effect such policy having been written many years ago specifically on or about April 1, 2009.

6. That the policy of insurance had a face value of $1,000,000.00 payable upon the death of William Herman Owens to the beneficiary, Jan O. Benton.

7. That the Defendant made payment to the Plaintiff on August 2, 2016 in the amount of $874,048.38.

8. That the Defendant claims in its letter of payment dated August 2, 2016 that there was a misstatement as to the age of the deceased and that such misstatement was that the

deceased, or someone such as an agent, had written down December 14, 1932 as the deceased's birthdate when in fact the birthdate of the deceased was December 14, 1931.

9. That Defendant has breached the contract of insurance with the Plaintiff in failing to make full and timely payment to the Plaintiff of the full face amount of the life insurance policy in the amount of $1,000,000.00 plus prejudgment interest.

10. That pursuant to South Carolina law, all life insurance policies issued in this state must contain a provision stating that the benefits attached to the policy are incontestable as to the truth of the application for insurance after they have been in force during the lifetime of the insured for a period of two years from the date of their issue.

11. That Defendant did not challenge the truthfulness of the application of the deceased within two years as required by South Carolina law, and, accordingly, Defendant has breached the contract of insurance with the Plaintiff.

12. That Plaintiff asks for judgment for actual damages and for the costs of this action to include attorney's fees.

### FOR A SECOND CAUSE OF ACTION

(Breach of Contract with Fraudulent Intent)

13. The Plaintiff realleges and reiterates each and every allegation as fully as if repeated verbatim herein.

14. That the Plaintiff entered into a contract of insurance with the Defendant and that the Defendant has breached the contract with fraudulent intent in that South Carolina law specifically provides that once a policy of insurance has been in force for more than two years and the insurance company has not contested the policy at issue, then the policy is valid as a matter of law.

2

15. That Plaintiff believes that the fraudulent act in this case is the failure to pay the benefits due consistent with South Carolina law which requires that all policies of life insurance issued in this state are incontestable as to the truth of the application after a period of two years from the date of issue.

16. That Plaintiff asks for judgment against Defendant for actual damages, for punitive damages, for attorney's fees and costs.

## FOR A THIRD CAUSE OF ACTION

(Bad Faith)

17. The Plaintiff realleges and reiterates each and every allegation as fully as if repeated verbatim herein.

18. The Plaintiff brings this cause of action for bad faith wrongful refusal to settle.

19. That the Plaintiff had a policy of insurance in full force and effect at the time of his death on June 22, 2016.

20. That the Defendant sent a letter to the beneficiary advising the beneficiary that the amount payable was $874,048.38.

21. That the Defendant refused to pay the face amount of the policy of $1,000,000.00.

22. That the Defendant's denial was without justification and in bad faith in that all insurance policies are uncontestable as to the truth of the application after they have been in force for a period of two years from the date of their issue.

23. That Defendant refused to comply with South Carolina law, refused to recognize South Carolina law that any misstatements on the application after two years are incontestable.

24. That these actions of the Defendant through its officers, agents, and/or employees were negligent, reckless, willful and wanton and in bad faith.

25. That the actions of the Defendant's officers, agents and/or employees in denying this claim were in bad faith and that the Defendant has refused to settle and that accordingly, Plaintiff is entitled to judgment for actual damages, punitive damages, attorney's fees and costs.

## FOR A FOURTH CAUSE OF ACTION

### (Negligence)

26. The Plaintiff realleges and reiterates each and every allegation as fully as if repeated verbatim herein.

27. That the Defendant, through its officers, agents and/or employees, was negligent, reckless, willful and wanton in one or more of the following particulars:

   a. In failing to pay the claim;

   b. In failing to pay the $1,000,000.00 insurance policy limit;

   c. In failing to follow South Carolina law;

   d. In denying the claim;

   e. In denying the claim when the application had been filed since April 1, 2009;

   f. In failing to comply with South Carolina law;

   g. In failing to take that degree of skill and care which a reasonable and/or prudent insurance carrier would have done under the same of similar circumstances.

28. That as a direct and proximate result, Plaintiff has suffered damages in that Defendant has refused to pay the $1,000,000.00 face value of the insurance policy and have only paid $874,048.38.

29. That Plaintiff asks for the difference along with prejudgment interest and the costs of this action to include attorney's fees and prejudgment interest allowable by law.

4

WHEREFORE, Plaintiff prays for judgment as follows:

A. On the First Cause of Action for actual damages.

B. On the Second Cause of Action for actual and punitive damages and attorney's fees.

C. On the Third Cause of Action for actual damages, punitive damages, attorney's fees and prejudgment interest.

D. On the Fourth Cause of Action for actual damages, punitive damages, attorney's fees and prejudgment interest.

KELAHER, CONNELL & CONNOR, P.C.

*[signature]*

Gene M. Connell, Jr. (S.C. Bar No. 1358)
The Courtyard, Suite 209
1500 U.S. Highway 17 North
Post Office Drawer 14547
Surfside Beach, South Carolina  29587-4547
(843) 238-5648 (phone)
(843) 238-5050 (facsimile)
gconnell@classactlaw.net
**Attorney for Plaintiff**

November 2, 2016
Surfside Beach, South Carolina

5